**Judith GOVE, Plaintiff–Appellant,**

v.

**ELI LILLY & COMPANY,
Defendant–Appellee.**

No. 10–216–cv.

United States Court of Appeals,
Second Circuit.

Oct. 4, 2010.

Lowell W. Finson, Phillips & Associates, Phoenix, AZ, for Plaintiff–Appellant.

Nina M. Gussack (Andrew R. Rogoff and Eric Rothschild, on the brief), Pepper Hamilton LLP, Philadelphia, PA, for Defendant–Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Judith Gove appeals from a judgment of the District Court granting the motion for summary judgment of defendant-appellee Eli Lilly and Company ("Eli Lilly") in a claim for personal injury damages allegedly caused by Zyprexa, an antipsychotic medication manufactured by Eli Lilly. Gove, who suffers

from bipolar disorder, was treated with Zyprexa continuously between September 1998 and the end of 1999, and again between August 2002 and May 2004. In November 2002, Gove was diagnosed with diabetes. Gove asserts that Zyprexa caused her diabetes and that she would not have been prescribed Zyprexa had Eli Lilly properly warned of the drug's dangers. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review orders granting summary judgment *de novo*, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Redd v. Wright*, 597 F.3d 532, 535–36 (2d Cir.2010).

In order to establish a claim based on a manufacturer's failure to warn under Arizona law,[1] Gove must demonstrate that Eli Lilly's inadequate warning regarding the risks associated with Zyprexa was the proximate cause of her injury. *Southwest Pet Prods., Inc. v. Koch Indus., Inc.*, 273 F.Supp.2d 1041, 1062 (D.Ariz.2003) (concluding that summary judgment in defendant's favor was warranted where plaintiff "failed to demonstrate that any failure to warn was a proximate cause of [the alleged] injury."). Moreover, Arizona law recognizes the "learned intermediary" exception in failure-to-warn cases: "the man-

ufacturer's duty to warn is ordinarily satisfied if a proper warning is given to the specialized class of people that may prescribe or administer the product." *Piper v. Bear Med. Sys., Inc.*, 180 Ariz. 170, 178, 883 P.2d 407, n. 3 (Ariz.Ct.App.1993). Arizona applies a "heeding presumption" in failure-to-warn cases that "reduces" the plaintiff's "burden of proving that the manufacturer's failure to issue an adequate warning proximately caused the injury at issue" by "shift[ing] the burden of production to the manufacturer." *Golonka v. Gen. Motors Corp.*, 204 Ariz. 575, 580, 65 P.3d 956 (2003). If the manufacturer meets its burden "by introducing evidence that would permit reasonable minds to conclude that" an adequate warning would not have changed the treatment decision, "the presumption is destroyed" and the plaintiff must produce affirmative evidence that the allegedly inadequate warning proximate caused his or her injury. *Id.* at 590–91. As a result, where the presumption is destroyed summary judgment is warranted under the learned intermediary doctrine unless the plaintiff can demonstrate "that had a proper warning been given," the prescribing practitioner would have acted differently—i.e., that the plaintiff "would not have used the product in the manner which resulted in his injury." *Dole Food Co. v. N.C. Foam Indus.*, 188 Ariz. 298, 305, 935 P.2d 876 (Ariz.Ct.App. 1996).

---

**1.** It is undisputed that Arizona's substantive law and statute of limitations rules govern this action, which was filed in and which arises from events occurring almost exclusively in Arizona and was transferred to the Eastern District of New York pursuant to an order of the Judicial Panel on Multidistrict Litigation. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir.1993) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). The District Court concluded that Gove's claim was time-barred pursuant to Ari-

zona's two-year statute of limitations for product liability and personal injury actions. *In re: Zyprexa Prods. Liab. Litig.*, Nos. 04–MD–1596, 06–CV–2792, 2009 WL 5062109, at *14 (E.D.N.Y. December 10, 2009). Because we agree with the District Court that Gove fails to establish that Eli Lilly's failure to warn was the proximate cause of her injuries, *id.*, we need not decide whether the District Court erred with respect to the application of Arizona's statute of limitations.

After *de novo* review, we hold, for substantially the reasons stated in the well-reasoned opinion of the District Court, *In re: Zyprexa Prods. Liab. Litig.*, 2009 WL 5062109, at *14–16, that there is no evidence that Gove's treating practitioners would have altered their decision to prescribe Zyprexa had a different warning been provided by Eli Lilly. Indeed, Nurse Practitioner Tharalson stated explicitly that alternative warnings about Zyprexa would have had no effect on her prescribing habits. Grunfeld Decl. Ex. 12 at 49 (objections of counsel omitted). This evidence satisfied Eli Lilly's burden of production and destroys any heeding presumption. Because Gove's practitioners were aware of the risks associated with Zyprexa but would not have made different clinical treatment decisions had alternative warnings been provided, Gove has failed to establish that Eli Lilly's allegedly inadequate warnings regarding the potential risks associated with Zyprexa were the proximate cause of her diabetic condition.

### CONCLUSION

We have considered each of Gove's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.